OSCAR F.[1] *vs.* COUNTY OF WORCESTER & another;[2]
SCHOOL COMMITTEE OF LEICESTER, third-party defendant.

Worcester. December 3, 1991. - February 24, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Child in Need of Services. Jurisdiction,* Juvenile. *Juvenile Court,* Jurisdiction. *Education,* Special educational needs.

In a proceeding under G. L. c. 119, §§ 39E-39J, seeking a determination that a child was in need of services, a Juvenile Court judge had no authority to order that, as a condition of the mother's retaining custody, the child be placed in a private school to receive special education, and that his expenses be paid by the county where the Juvenile Court sat. [40-42]

CIVIL ACTION commenced in the Superior Court Department on December 12, 1988.

The case was considered by *James P. Donohue,* J., on a statement of agreed facts.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Joseph F. Brennan, Jr.* (*Deborah A. Dattis* with him) for the plaintiff.

*Andrew R. Weiss & Edward P. Ryan, Jr.,* for the County of Worcester & another.

*Regina Williams Tate* for School Committee of Leicester.

WILKINS, J. The underlying issue is whether a Juvenile Court judge who has heard a so-called CHINS petition, filed under G. L. c. 119, § 39E (1990 ed.), seeking a determination that a child is in need of services, may lawfully order

---

[1] By his mother and next friend. The name Oscar F. is a pseudonym.
[2] The Treasurer of the County of Worcester.

412 Mass. 38                                    39

Oscar F. *v.* County of Worcester; School Committee of Leicester.

that the child be placed in a private school at the expense of the county in which the court sits.

In March, 1988, a judge sitting in the Worcester Juvenile Court, jury session, in a CHINS proceeding apparently brought by a truant officer for the Leicester public schools, found that the minor plaintiff (Oscar), then nearly thirteen years old and living with his mother, was a child in need of services. The judge ordered that Oscar be enrolled in the Landmark School in Beverly and that, pursuant to G. L. c. 119, § 39J (1990 ed.), the county of Worcester pay for the schooling. Oscar attended the Landmark School from March 17, 1988, until June 17, 1988. The defendant county treasurer declined to pay Oscar's tuition charges at the school, and Oscar thereafter attended no school until January, 1989, when he resumed schooling in the Leicester public schools. In this action, Oscar seeks an order directing the treasurer of Worcester County to pay the expenses incurred at the Landmark School.

A judge in the Superior Court considered Oscar's claim on a statement of agreed facts and ordered judgment for the defendant county and its treasurer.[3] The judge concluded that the Juvenile Court order constituted a special education placement; that G. L. c. 119 did not govern special education programs and assignments; and that G. L. c. 71B (1990 ed.) and regulations of the Department of Education have "implemented a complex administrative and judicial system for establishing and reviewing special education placements." He noted that, under G. L. c. 71B, and 603 Code Mass. Regs. §§ 28.300 et seq. (1991), local school committees have the duty to identify, evaluate, and place children with special needs. He concluded that no provision of G. L. c. 119 (specifically the CHINS statute, G. L. c. 119, §§ 39E-39J) or of G. L. c. 71B granted the Juvenile Court judge authority to

[3]He also dismissed, without prejudice, the third-party complaint that the county and its treasurer had brought against the school committee of Leicester, the town of Oscar's residence, seeking recovery against the school committee for any amounts the county might be ordered to pay on behalf of Oscar.

40               412 Mass. 38

Oscar F. *v.* County of Worcester; School Committee of Leicester.

order Oscar's special education assignment. We agree and affirm the judgment.

Oscar relies on G. L. c. 119, § 39G, to support the authority of a judge, who has made a determination that a child is in need of services, to make orders concerning the child's education. He points specifically to subparagraph (*a*) of § 39G, appearing in the margin,[4] which states that, as a condition of an order permitting a child to remain with his parents, a judge may prescribe conditions and limitations, including (among other things) provision for educational services.

It is far from clear that the statutory language on which Oscar relies applies to the judge's order concerning Oscar's schooling. Any direct order, that is, one that is not a condition of custody, would be invalid. *Matter of Vincent*, 408 Mass. 527, 531-532 (1990). The Juvenile Court judge did not state, consistent with the terms of subparagraph (*a*), that Oscar must attend the Landmark School as a condition of his remaining with his mother. Moreover, the judge's order concerning the Landmark School was not focused on parental custody but rather was entered in apparent response to his findings that Oscar is learning disabled, that a certified school psychologist concluded that the Leicester school system had been unable to break through Oscar's learning barrier, and that Oscar should be placed in a school with teachers trained to teach children with his type of learning disability. We shall assume in Oscar's favor, however, without deciding the point, that the provision concerning Oscar's attendance at the Landmark School was an implied condition of his remaining with his mother, and thus Oscar may properly seek to rely on subparagraph (*a*) in this action.

We decline, however, to find in the conditional language of subparagraph (*a*) of § 39G legislative authority for a judicial order mandating private school education at public expense.

---

[4] "(*a*) subject to any conditions and limitations the court may prescribe, including provision for medical, psychological, psychiatric, educational, occupational and social services, and for supervision by a court clinic or by any public or private organization providing counseling or guidance services, permit the child to remain with his parents."

The CHINS statute is concerned with social and family problems. It does not make the kind of education that a child receives a central judicial concern. If the Legislature had intended that § 39G do so, § 39G would not have limited a judge to ordering educational services for a child only when such services are directed as a condition of the child's remaining with his parents (or in the care of some other person or entity). Moreover, if a judge acting under § 39G were to direct the kind of education a child should receive at public expense, the cost of the child's education would be shifted, pursuant to G. L. c. 119, § 39J, from the municipality of the child's residence to the county where the court sits. We doubt that the Legislature intended to permit, perhaps even at a municipality's behest, a shift by judicial order of the obligation to provide public education from a municipality to a county.

Even more important to our conclusion is the existence, pursuant to G. L. c. 71B (commonly called Chapter 766), of a substantial, detailed process for the determination at the local level of the special educational needs of students, for the possibility of review of any such determination by a State agency, and for judicial review of the various decisions. Section 3 of G. L. c. 71B provides in part that "[n]o child shall be placed in a special education program without prior consultation, evaluation, reevaluation, and consent as set forth and implemented by regulations promulgated by the department [of education]." In the face of the various provisions of G. L. c. 71B, we decline to read § 39G as authorizing a judge to bypass the detailed processes of G. L. c. 71B and then to direct that a particular educational service be provided at public expense.

As a condition of custody, a judge may refer a child who is the subject of a CHINS petition (and enrolled in a regular education program) to the appropriate school committee for a determination whether the child requires special education.

G. L. c. 71B, § 3. A judge may not, however, make such a determination and then order a particular special education placement.

*Judgment affirmed.*